**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4661**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ERIC HOLLOMAN,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge.  (4:16-cr-00573-RBH-1)

Submitted:  March 13, 2018                    Decided:  March 15, 2018

Before NIEMEYER, KING, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael A. Meetze, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Florence, South Carolina, for Appellant.  Alfred William Walker Bethea, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric Holloman appeals his conviction and 108-month sentence imposed following his guilty plea to possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). On appeal, Holloman's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court complied with Fed. R. Crim. P. 11 during the plea hearing and whether the court imposed a reasonable sentence. Holloman was notified of his right to file a pro se supplemental brief but has not done so. The Government has declined to file a response brief. For the reasons that follow, we affirm.

Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and ensures that the defendant understands, the rights he is relinquishing by pleading guilty, the charges to which he is pleading, and the maximum and any mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the plea is voluntary and not the result of threats, force, or promises extrinsic to the plea agreement, Fed. R. Crim. P. 11(b)(2), and that a factual basis exists for the plea, Fed. R. Crim. P. 11(b)(3).

Because Holloman did not seek to withdraw his guilty plea, we review the adequacy of the plea colloquy for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). To establish plain error, Holloman must establish that: (1) the district court erred; (2) the error was plain; and (3) the error affected his substantial

2

rights.  *Henderson v. United States*, 568 U.S. 266, 272 (2013).  In the guilty plea context, a defendant establishes that an error affected his substantial rights by "demonstrat[ing] a reasonable probability that, but for the error, he would not have pleaded guilty."  *United States v. Sanya*, 774 F.3d 812, 816 (4th Cir. 2014) (internal quotation marks omitted). Even if this test is satisfied, we will exercise our discretion to correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Henderson*, 568 U.S. at 272 (alteration and internal quotation marks omitted).

Although our review of the record reveals one minor omission during the plea colloquy, *see* Fed. R. Crim. P. 11(b)(1)(O), we conclude that this omission did not affect Holloman's substantial rights.  The court's thorough plea colloquy ensured that Holloman's plea was knowing, voluntary, and supported by an independent factual basis. We therefore find no reversible error affecting Holloman's guilty plea.

"We review a sentence for reasonableness under a deferential abuse-of-discretion standard."  *United States v. McCoy*, 804 F.3d 349, 351 (4th Cir. 2015) (internal quotation marks omitted).  We must first determine whether the district court committed significant procedural error, such as improperly calculating the Guidelines range, insufficiently considering the 18 U.S.C. § 3553(a) (2012) factors, or inadequately explaining the sentence imposed.  *United States v. Lymas*, 781 F.3d 106, 111-12 (4th Cir. 2015).  If we find no such procedural error, we also must consider the substantive reasonableness of the sentence, considering the totality of the circumstances.  *United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010).  A sentence within a properly calculated Guidelines range is presumed substantively reasonable.  *United States v. Vinson*, 852

3

F.3d 333, 357 (4th Cir. 2017). Holloman can rebut that presumption only by demonstrating "that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.* at 357-58 (internal quotation marks omitted).

We have thoroughly reviewed the record and conclude that Holloman's sentence is reasonable. The district court properly calculated his Guidelines range, considered the parties' arguments and the § 3553(a) factors, and provided a reasoned explanation for the sentence it imposed. The court partially credited the arguments of Holloman's counsel for a downward variance when sentencing Holloman to the middle of the Guidelines range. However, the court reasonably declined to vary below the Guidelines range, detailing its concerns that Holloman was previously convicted of a federal firearm offense and had absconded while released on bond prior to sentencing. Holloman also fails to rebut the presumption of substantive reasonableness accorded his within-Guidelines sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Holloman, in writing, of the right to petition the Supreme Court of the United States for further review. If Holloman requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Holloman.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*